# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| GABRIELLE GARCIA, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:07-CV-90015 WDO |
| v. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:02-CR-60 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

A three Count Indictment was returned in this court on August 28, 2002, charging Petitioner Garcia with Possession With Intent To Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 in Count I, Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 in Count II, and Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) in Count III. (R-1). On June 24, 2003, a jury returned a verdict of guilty against Petitioner Garcia on all three Counts of the Indictment. (R-28). Garcia filed a Notice of Appeal which was dismissed by the United States Court of Appeals for the Eleventh Circuit on April 8, 2004, for failure to prosecute his appeal. (R-47). Assuming that Petitioner had the right to seek *writ of certiorari,* his conviction became final

after the expiration of the time in which he could have sought *certiorari*, to wit., July 8, 2004.[1]  No further pleadings were filed in Petitioner Garcia's case until March 9, 2007, when he filed a Motion for Transcripts and a Motion To Proceed *In Forma Pauperis* (R-54, 55), which the district court found moot and denied on March 14, 2007. (R-56). Garcia filed a motion for reconsideration which was also denied in March 2007. (R-58). Petitioner Garcia filed a second Notice of Appeal on April 12, 2007. (R-59). On June 4, 2007, he filed a motion for leave to appeal *In Forma Pauperis* (R-67), which the Court denied, finding Garcia's appeal to be frivolous. (R-72).

On October 2, 2007, Garcia filed his present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, more than three years after his conviction had become final on July 8, 2004. (R-74). At ¶ 11 of Petitioner's motion, he states, "Ineffective Assistance assertion is being made against set of attorney's who took Petitioner to trial and also the set/pair of attorneys who did nothing for petitioner at the 'Direct Appeal.'" At the conclusion of Ground Four of his motion, Petitioner Garcia states that he did not raise the stated issue on direct appeal, because, "Petitioner was waiting for the resolution of the Investigation by the Georgia Bar Association." At ¶ 18, he addresses the timeliness of his Motion, stating:

> Petitioner can demonstrate cause and prejudice according to *Frady* standards and can show that his procedural default can also be overcome in this case. Petitioner has shown due diligence in pursuing his claims against the second set of attorneys in his complaint filed with the Georgia State Bar Association. Finally, Petitioner has now had a resolution and has the evidence to prove he was violated with ineffective assistance of counsel in regards to his appeal lawyers. His case with the Georgia State Bar has been resolved and he now brings

---

[1] For federal criminal defendants who do not file a petition for certiorari with that Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003).

claims before this Honorable Court seeking justice.

**Conclusions of Law**

Petitioner Garcia recognizes that his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 was filed beyond the one-year statute of limitations provided by the Anti-terrorism and Effective Death Penalty Act AEDPA, codified in 28 U.S.C. § 2255. He tacitly suggests that his complaint to the Georgia State Bar against his appellate attorneys should have tolled the running of the AEDPA one-year statute of limitations on his § 2255 Motion. That is the issue before this court, to wit., whether the prosecution of a complaint against trial and/or appellate attorneys before a State Bar Association is a circumstance which tolls the running of the one-year statute of limitations for filing a Motion To Vacate, Set Aside, or Correct (his federal) Sentence Pursuant to 28 U.S.C.§ 2255.

The AEDPA imposes a one-year statute of limitations for filing a § 2255 motion. For federal prisoners filing § 2255 motions, the statute of limitations runs from the following trigger dates:

> (1) the date on which judgment of conviction becomes final;
> (2) the date on which impediment to making a motion created
> by governmental action in violation of the Constitution or laws
> of the United States is removed, if movant was prevented from
> making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized
> by the Supreme Court, if that right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases
> on collateral review; or
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

28 U.S.C. § 2255 ¶ 6. It is beyond dispute that Petitioner Garcia's § 2255 motion, filed on October 2, 2007, is time-barred if the trigger for the statute of limitations is when his conviction became final

under § 2255 ¶ 6 (1) and equitable tolling does not apply. The United States Court of Appeals for the Eleventh Circuit has recently addressed the concept of equitable tolling in such cases in *Outler v. United States,* 485 F.3d 1273, 1280 (11th Cir. 2007), stating:

> The statute of limitations can be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted). Equitible tolling is only available if the petitioner establishes (1) extraordinary circumstances and (2) due diligence. *Diaz v. Sec'y for Dep't of Corr.,* 362 F.3d 698, 702 (11th Cir. 2004). Courts need not consider whether extraordinary circumstances exist if a prisoner's delay in filing the motion or petition exhibits a lack of due diligence. *Id.* at 702 n. 7. Equitable tolling is an extraordinary remedy and is applied sparingly. *Drew v. Dep't of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2003). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioners." *Id.*

The *Outler* Court also noted that, "It is significant in our thinking that, as noted above, before the expiration of the one-year statute of limitations, Outler never alerted the district court or this court that he had additional claims that he wished to raise in a § 2255 motion, or identified such additional claims." *Id.* at 1283, 84.

The *Outler* decision provides substantial guidance here. The filing of complaints against his attorneys with the Georgia Bar Association clearly shows that Garcia believed that he had claims against his attorneys. Yet he did not alert the court to these claims by timely filing a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 or any other pleading in the Federal District Court, until two years after his AEDPA statute of limitations for filing a § 2255 motion had expired. His election to await the outcome of his Georgia State Bar grievance proceedings against his appellate attorneys clearly exhibits a lack of due diligence as required by § 2255 ¶ 6 (4). Nothing prevented Petitioner Garcia from timely filing a § 2255 motion. Nothing

prevented him from simultaneously pursuing his State Bar grievance procedure and a § 2255 motion in this court. According to his present motion, Garcia chose to await the decision of the Georgia Bar Association before alerting this court to any claims he may have had relevant to his conviction. Under these circumstances, this court should conclude that Garcia cannot establish an entitlement to an equitable tolling and that his belated motion is barred by the AEDPA statute of limitations.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be denied as time-barred. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 18th day of October 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE